UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEDEDIAH L. HIGGINBOTHAM**　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　**NO: 15-898**

**DRAKE TOWING, L.L.C. AND**　　　　　　　　**SECTION: "S" (3)**
**DRAKE ENERGY PARTNERS,**
**L.L.C.**

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions (Doc. #12) is **DENIED**.

BACKGROUND

This matter is before the court on a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure and for attorneys' fees under 28 U.S.C. § 1927. Defendants, Drake Towing, L.L.C. and Drake Energy Partners, L.L.C. (collectively "Drake"), argue that dismissal of the complaint and an award of attorneys' fees and costs incurred in conjunction with the filing of the motion are justified because this court lacks subject-matter jurisdiction over plaintiff's claims and the complaint contains statements that are inconsistent with those found in a state-court petition plaintiff filed in Texas that is related to the same accident alleged in the instant complaint.

On April 19, 2013, plaintiff, Jedediah L. Higginbotham, filed a petition in the 215th Judicial District Court, Harris County, Texas, against Saratoga Resources, Inc., Drake Towing LLC and John Doe Company Man. Plaintiff alleged the factual predicate of his complaint as follows:

> On or about April 22, 2012, Plaintiff was working for Alliance Oilfield Services on a Drake vessel (barge) at/near the Atchafalaya Basin, on a job for and/or being directed by Saratoga and/or its Company Man. On said date, Plaintiff was required to work on the well in the dark, and sustained severe and disabling injuries, including, but not limited to, contusion of the left chest wall, pulmonary contusion of the left lung, pneumothorax left, fractured ribs left, thigh, arm and other injuries, requiring hospitalization. Said injuries were caused in whole or in part by the negligence

>and/or gross negligence of Defendants, their agents, servants and/or employees.

On July 8, 2013, plaintiff filed an amended petition. He added the factual allegation that:

>Defendant Saratoga and/or Defendant Drake was negligent in failing to provide a safe means of ingress and egress between Defendant Drake's vessel and the well on which Plaintiff was assigned to work. Defendant Saratoga and/or Defendant Drake was further negligent in failing to provide Plaintiff with a safe place to work, failing to provide a work basket or other platform for him to stand on in order to perform the work he was required to perform on the well, and failing to provide fall protection to prevent him from falling from the well into the water. Defendant Saratoga and/or Defendant Drake was further negligent in allowing the work to be conducted by Plaintiff after daylight hours, without adequate lighting.

In his Interrogatory responses provided in connection with the Texas case, plaintiff described the accident as follows:

>On April 22, 2012, at roughly 10:30 p.m., I was working on a well participating in a plug and abandonment job. Pipe was being removed from the well. I stepped off of the well, and attempted to step onto a pylon so that I would not block the view of the crane operator who needed to be able to see where the pipe was in order to hook up to the next joint of pipe. It was dark, and when I stepped from the pylon I fell roughly 12-13 feet to the water below, striking the beams around the well as I was falling.

Plaintiff's Interrogatory responses described the facts upon which he based his allegations:

>Plaintiff was working from a Drake vessel on Saratoga's well. The well did not have an adequate platform, deck or cribbing around it for Plaintiff to stand on, and the vessel did not provide a personnel work basket or any means of tying off a safety harness to prevent Plaintiff from falling off of the well, while working after hours in the dark, without adequate lighting.

At his deposition, plaintiff testified that he "lived and ate and worked" on a Drake barge during the job. He also testified that he fell off of the well.

Plaintiff settled his claims against Saratoga. On March 23, 2015, plaintiff filed a "Notice of Nonsuit without Prejudice" in the Texas case voluntarily dismissing his claims against Drake Towing LLC. That same day, he filed this action against Drake and Inland Marine, LLC.[1] In his complaint, plaintiff alleges the following facts of his claim:

> 4.1  At all material times hereto, Defendants owned, operated and/or crewed the vessel involved in the incident and made the basis of this suit, a vessel operating in navigable waters.
>
> 4.2  At all material times hereto, Plaintiff was employed by Alliance Oilfield Services working on Drake's barge at or near Atchafalaya Basin.
>
> 4.3  On or about April 22, 2012, Plaintiff was required to work in the dark and sustained severe and disabling injuries, including, but not limited to, contusion of the left chest wall, pulmonary contusion of the left lung, pneumothorax left, fractured ribs left, thigh, arm and other injuries, requiring hospitalization. Said injuries were caused in whole or in part by the negligence and/or gross negligence of Defendants, their agents, servants and/or employees.
>
> 4.4  The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendants, and unseaworthiness of the vessel, in the following particulars, among others:
>
> > (a) failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;
> >
> > (b) failing to properly light the work site and vessel;
> >
> > (c) failing to take reasonable precautions for Plaintiff's safety;
> >
> > (d) failing to provide Plaintiff, an invitee, with reasonably safe place to work;
> >
> > (e) other acts of negligence and/or omissions to be shown at trial herein.

---

[1] On June 17, 2015, plaintiff voluntarily dismissed without prejudice his claims against Inland Marine in accordance with Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

On March 31, 2015, defense counsel sent a "safe harbor" letter to plaintiff's counsel, Walter Naquin, stating that he would file a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure if the complaint were not withdrawn because it is "materially false" and was filed for an "improper purpose."  Defense counsel contends that the complaint alleges that plaintiff was "working on a barge" whereas his state-court petition stated that he "was required to work on the well," and all of the discovery materials from the prior case established that plaintiff was working on the well at the time of the accident.  Defense counsel also stated that plaintiff improperly invoked this court's admiralty subject-matter jurisdiction.

Plaintiff's counsel did not withdraw the complaint.  He replied to the letter stating that the complaint "is proper in that [plaintiff] was injured, in part, by the negligence of the vessel owner (not a party to the Harris County case) and/or operator as stated in the Complaint."  Further, plaintiff's counsel stated that filing the case in this court was necessary because Drake refused to participate in meaningful discovery in the Texas state court case.

On May 7, 2015, Drake filed its pending motion for sanctions.  Drake contends that dismissal of the complaint and an award of attorneys' fees and costs incurred in conjunction with the filing of the motion are justified because this court lacks admiralty subject-matter jurisdiction over plaintiff's claims, and the complaint contains statements that are inconsistent with those found in a state-court petition and related discovery.  Plaintiff argues that sanctions are not appropriate because he is not denying that he fell from the well, and his statements in the complaint are consistent with the petition and discovery in the Texas case.  Plaintiff also argues that Drake should have filed a motion challenging jurisdiction under Rule 12(b) of the Federal Rules of Civil Procedure, rather than a motion for sanctions.

## ANALYSIS

### I. Legal Standards

#### A. Rule 11 of the Federal Rules of Civil Procedure

Rule 11(b) of the Federal Rules of Civil Procedure provides that by presenting a pleading, written motion, or other paper to the court, an attorney or unrepresented party certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b). Compliance with Rule 11 is judged by "an objective standard of reasonableness under the circumstances." Jennings v. Joshua Indep. Sch. Dist., 948 F.2d 194, 197 (5th Cir 1991). "Reasonableness is reviewed according to the 'snapshot' rule, focusing upon the instant the attorney fixes his signature to the document." Smith v. Our Lady of the Lake Hosp., Inc., 960 F.2d 439, 444 (5th Cir. 1992) (citing Thomas v. Capital Sec. Servs., 836 F.2d 866, 874 (5th Cir. 1988) (en banc)).

A motion for sanctions must be made separately from any other motion, must describe the specific conduct that allegedly violates Rule 11(b), and must be served under Rule 5, but not filed or presented to the court until the other party is given 21 days to withdraw the complained of pleading. FED. R. CIV. P. 11(c)(2). The Advisory Committee Notes to the 1993 Amendments clarify that the motion should be served promptly after the inappropriate paper is filed, but it is not "to be filed until at least 21 days . . . after being served." Fed. R. Civ. P. 11 Advisory Committee's Note (1993 Amendments). The service provisions "are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specific allegation." Id. "[T]he 'safe harbor' period begins to run only upon service of the motion." Id.

Further, the Advisory Committee Notes explain that a Rule 11 motion "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Id. Essentially, "Rule 11 should not be used to raise the issues of legal sufficiency that more properly can be disposed of by a motion to dismiss, a motion for a more definite statement, or a motion for summary judgment." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336 (2d ed. 2003).

In this case, Drake failed to comply with the service requirement of Rule 11(c)(2). Drake demonstrated that it served a "safe harbor" letter on plaintiff's counsel 21 days before filing its motion for sanctions, but Drake did not demonstrate that it served its motion on plaintiff's counsel 21 days prior to filing it. Rule 11 and the Advisory Committee Notes to the 1993 Amendments specify that the actual motion must be served on opposing counsel 21 days prior to its being filed

in court, not solely a letter informing counsel of the intent to file a motion.  Further, Drake's motion challenges this court's subject-matter jurisdiction.  As the Advisory Committee Notes to Rule 11 point out, a motion for sanctions is not the appropriate procedural vehicle with which to raise jurisdictional questions.  Rather, such a motion should be made under Rule 12(b) of the Federal Rules of Civil Procedure.  Thus, Drake's motion for sanctions under Rule 11 is DENIED.

## II.     Section 1927

Section 1927, Title 28 of the United States Code provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  To impose sanctions under § 1927, the attorney's actions must be both "unreasonable" and "vexatious," which "requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998).  Section 1927 is punitive in nature and is "strictly construed" "in order not to chill legitimate advocacy[.]" Id.

Drake has not demonstrated that the requirements of § 1927 have been satisfied at this stage of the litigation.  Thus, Drake's motion for attorneys' fees under § 1927 is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions (Doc. #12) is **DENIED**.

New Orleans, Louisiana, this   25th   day of June, 2015.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**